# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DUSTIN DEAN, ET AL. § | |
| § | Civil Action No. 4:18-CV-705 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| CROSSCOUNTRY MORTGAGE, INC., § | |
| ET AL. § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 8, 2019, the report of the Magistrate Judge (Dkt. #37) was entered containing proposed findings of fact and recommendations that Defendants Crosscountry Mortgage, Inc., Federal National Mortgage Association, and Dovenmuehle Mortgage, Inc.'s Motion for Summary Judgment (Dkts. #25; #28) be granted. Having received the report of the United States Magistrate Judge, and having considered Plaintiffs' Objections (Dkt. #38), Defendants' Response (Dkt. #43), and Plaintiffs' Reply (Dkt. #53), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report as the findings and conclusions of the Court.

**RELEVANT BACKGROUND**

Plaintiffs defaulted on their Loan on the real property located at: 1841 Cypress Lake Lane, Prosper, Texas 75078 (the "Property") in late 2017 (Dkts. #25-4; #28-1 at p. 4), and were thereafter served with Notice of Breach and Right to Cure Default ("Notice of Default") (Dkt. #25-4). Relevant to this discussion, the Notice of Default stated the total amount due to cure the default was $6,889.75, and further specified that such payment was due on or before

January 24, 2018 (Dkt. #25-4 at pp. 2–3). The Notice of Default further stated that "[f]ailure to cure the default on or before January 24, 2018, will result in acceleration. . . .[a]ny payment received that is less than the cure amount may be applied to the loan or held in suspense and is not to be construed as a cure to the default or a waiver of our rights" (Dkt. #25-4 at p. 3). Plaintiffs failed to cure the default, or submit any payment whatsoever, on or before January 24, 2018 (Dkts. #28-1 at p. 4). Plaintiffs allege that in February 2018, Crosscountry advised that Plaintiffs "were behind (not the amount set forth in the Notice of Default of $6,889.75 but rather) $6,757.56 on [their] mortgage loan" (Dkt. #30-1 at p. 2). On February 23, 2018, Plaintiffs overnighted certified funds in the amount of $6,757.56 to Crosscountry (Dkt. #30-1). Crosscountry returned the cashier's check to Plaintiffs indicating that it was returning Plaintiffs' funds because Crosscountry had accelerated the Loan and the payment received was insufficient to pay what was owed on the Loan. Crosscountry further advised that it "[was] continuing with the foreclosure process" (Dkt. #25-6 at p. 2). Plaintiff Dustin Dean avers that he then spoke with Crosscountry's loss mitigation department twice in March 2018 and was advised to apply for a loan modification to delay the sale (Dkts. #20 at p. 4; #30-1 at p. 2). Despite such alleged representation that applying for a loan modification would stop or otherwise delay a sale, the sale proceeded, and on June 5, 2018, the Property was sold to Fannie Mae.

On July 8, 2019, the Magistrate Judge recommended the Court grant Defendants' Motion for Summary Judgment and dismiss the entirety of Plaintiff's claims (Dkt. #37). Specifically, the Magistrate Judge found that: (1) Plaintiffs' Texas Debt Collection Act ("TDCA") claim fails because it is based only on an oral agreement and further because no evidence exists of a fraudulent, deceptive, or misleading representation in connection with the collection of a debt; (2) Plaintiffs' breach of contract claim fails because Defendants were permitted to refuse

Plaintiff's untimely and incomplete payment under the Deed of Trust; (3) Plaintiffs' due process claim fails because Defendants are not state actors and Defendants complied with all challenged notice requirements; and (4) Plaintiffs' foreclosure-sale claims were defeated by Defendants' compliance with the Deed of Trust and Texas Property Code. On July 22, 2019, Plaintiffs filed Objections to the Report (Dkt. #38). On August 5, 2019, Defendants filed a Response to Plaintiff's Objection (Dkt. #43). On August 12, 2019, Plaintiffs filed a Reply (Dkt. #53).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiffs object that genuine issues of material fact preclude summary judgment on each of their claims; namely that: (1) the statute of frauds applies only to the enforcement of contracts and thus does not bar Plaintiffs' TDCA claim; (2) Defendant Crosscountry violated its contractual duty to Plaintiffs by rejecting Plaintiffs' partial payment; (3) Plaintiffs' due process claims survive because Defendant Fannie Mae is a state actor; and (4) Defendants' failure to strictly comply with the Deed of Trust rendered the foreclosure sale invalid (Dkt. #38). The Court considers each objection in turn.

*Statute of Frauds*

Central to each of Plaintiff's objections are the assertions that: (1) Plaintiffs tried to make their Loan current in February 2018 by overnighting funds as orally instructed by Crosscountry; and, (2) later in March 2018 Plaintiffs filed a loan modification, as orally instructed by Crosscountry, to delay any sale. With respect to these alleged verbal representations by Crosscountry, the Magistrate Judge found:

> "A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." The statute of frauds makes oral agreements unenforceable if they modify the terms of such a loan agreement. An oral agreement allowing a borrower "to enter into a loan assistance or repayment plan" modifies the terms of the loan agreement and is unenforceable under the statute of frauds.

(Dkt. #37 at p. 8) (internal citations omitted).

Plaintiffs continue to argue that the statute of frauds is inapplicable to the aforementioned statements and/or Plaintiffs' TDCA claims (Dkt. #38 at p. 5). In support, Plaintiffs again cite *Knigge v. Bank of Am. Corp.* (Dkt. #38 at pp. 4–5). Plaintiffs' reliance on *Knigge* is misplaced. As was previously addressed by the Report, the Fifth Circuit, subsequent to *Knigge*, has expressly found "the statute of frauds acts to bar certain claims of misrepresentation under the TDCA" (Dkt. #37 at p. 9, n.3). The statute of frauds bars consideration of any oral representation that Defendant would not proceed with or would postpone foreclosure; further, any oral statements by Defendant purporting to lower, or otherwise modify, the reinstatement amount are likewise barred by the statute of frauds. Plaintiffs' objection is overruled.

*Partial Payment*

Plaintiffs concede in their Objection that Defendant Crosscountry was entitled to "return the [February] payment if it is insufficient" (Dkt. #38 at p. 7); however, Plaintiffs object that having informed Plaintiffs that $6,757.56 was the amount required to bring the Loan current, Crosscountry had a duty to accept Plaintiff's February payment, or alternatively, hold the funds in suspense (Dkt. #38 at pp. 7–8). However, the Court finds that nothing in the non-waiver clause or any other part of the Deed of Trust cited by Plaintiffs creates the *obligation* that Defendants accept anything less than the full amount necessary to cure default (Dkt. #37 at pp. 14–15). Moreover, as discussed *supra,* oral modifications to the deed of trust or postponing foreclosure proceeding are unenforceable under the statute of frauds. *See also Deuley v. Chase Home Fin., LLC*, No. H-05-

04253, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006). Here, the Notice of Default enumerated the exact amount required to cure the default in December 2017 (Dkt. #37 at p. 2). Specifically, the Notice of Default stated: "[t]he default must be cured on or before January 24, 2018 by tendering payment in the amount of $6,889.75. Failure to cure the default on or before January 24, 2018, will result in acceleration of the sums secured by the Security Instrument, and sale of the Property" (Dkt. #25-4 at p. 3). Thus, the amount necessary to avoid acceleration of the Loan was established and provided to Plaintiffs more than two months before Plaintiffs proffered their $6,757.56 payment (Dkt. #37 at p. 2). Plaintiffs did not pay $6,889.75 on or before January 24, 2018, as was required. Plaintiffs' objection is overruled.

*Due Process*

Plaintiffs next contend that Defendant Fannie Mae is a state actor, and therefore, Defendants' actions in pursuing foreclosure of the Property constitute a taking in violation of Plaintiffs' due process rights (Dkt. #38 at pp. 10–12). Plaintiffs rely on precedent from the District Court of Rhode Island as support for their assertion that Fannie Mae is a state actor (Dkt. #38 at p. 10): *Sisti v FHFA et al.*, US D. R.I. No 17-005 (Aug 2, 2018). As further support, Plaintiffs direct the Court to Fannie Mae's website, which states in relevant part, "[Fannie Mae] is a government-sponsored entity under the U.S. Department of Housing and Urban Development" (Dkt. #38 at pp. 10–11). However, "other courts carefully have considered, and rejected, Plaintiffs' argument that the conservatorship of Fannie Mae and Freddie Mac in 2008 transformed those entities into government actors." *May v. Wells Fargo Bank, N.A.*, No. 4:11-3516, 2013 WL 3207511, *5 (S.D. Tex. June 24, 2013).

Plaintiffs' argument further fails to prove that Plaintiffs' due process rights were in fact violated. Plaintiffs were entitled to statutory notice and compliance with the Deed of Trust (Dkt. #37 at pp. 18–19). Based on independent review of the record, the Court finds that Defendants complied with both (Dkt. #37 at pp. 18–19). Plaintiffs' objection is overruled.

*Foreclosure-Sale Claims*

Lastly, Plaintiffs maintain that the foreclosure sale was unlawfully conducted because Crosscounty refused Plaintiffs' payment and misled Plaintiffs into applying for a loan modification (Dkt. #38 at p. 13). This argument has been discussed in detail *supra* in relation to Plaintiffs' other claims. Contrary to Plaintiffs' assertion, Plaintiff Dustin Dean's Declaration does not create a genuine issue of material fact on this point (Dkt. #38 at p. 14). Even if the Court accepted each of Plaintiff's statements in the Declaration as true, nowhere in Plaintiff's Declaration does he allege that Plaintiffs made any attempt to cure their default on or before January 24, 2018. Nor does Plaintiff allege that they have attempted to tender the amount due and owing on the Loan since acceleration. Plaintiffs' objection is overruled.

## CONCLUSION

Having considered Plaintiffs' Objections (Dkt. #38), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #37) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #25) is **GRANTED**. Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

SIGNED this 25th day of November, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

6